In the Matter of COMMUNITY SYNAGOGUE, Petitioner, against CHESTER E. BATES et al., Constituting the Board of Appeals of the Incorporated Village of Sands Point, Respondents, and the INCORPORATED VILLAGE OF SANDS POINT, Intervenor-Respondent.— Proceeding under article 78 of the Civil Practice Act and section 179-b of the Village Law to review a determination of the board of appeals . of the Incorporated Village of Sands Point, Nassau County. Petitioner is a religious corporation and owns a twenty-four-acre plot of land situated within a "Residence 'A' District" under the local zoning ordinance. In such district the ordinance permits "Churches for public worship and other strictly religious uses" and accessory uses of the same character and nature, providing such uses have been approved by the board of appeals after public notice and hearing and after taking into consideration the public health, safety, and general welfare. The plot is improved with a large mansion and several outbuildings, including a caretaker's cottage, and indoor and outdoor swimming pools, a tennis court, greenhouses, driveways, and other appurtenances. Petitioner applied to the board for a permit to use the whole plot for the religious purposes stated in the ordinance, and for a variance of the strict terms of the ordinance so as to approve existing nonconforming side, rear, and front yard depths, screening requirements, existing recreation areas,

and parking areas. Under the zoning ordinance the village is districted entirely for residences, and there are at present no churches, schools or business therein. The board held extensive public hearings and thereafter denied petitioner's application. The board made express findings, stating that there is no submission of plans or specifications showing that the buildings and structures on the property conform to the local building code and that without such submission the board cannot determine whether the proposed use conforms to the applicable statutes and ordinance; that the proposed use is not for strictly religious purposes, but for additional uses not permitted by the zoning ordinance; that petitioner's proposed parking areas would be a hazard to health, safety, and general welfare; that petitioner failed to prove that a smaller site which would serve its purposes is not available in the village; and that the twenty-four-acre plot is not essential for petitioner's strictly religious purposes. The findings were rested on the evidence and on the personal knowledge of the members of the board who are residents of and familiar with the village and its development. The proceeding was transferred by the Special Term, under section 1296 of the Civil Practice Act for disposition by this court. Determination confirmed, with $10 costs and disbursements. The evidence supports the board's determination. Nolan, P. J., Wenzel, Murphy and Ughetta, JJ., concur; Schmidt, J., dissents and votes to annul the determination and to grant petitioner's application, with the following memorandum: Assuming that the ordinance is valid, I am of the opinion that the proposed use of the property by the petitioner is entirely for religious purposes. (*Matter of Oxford Group-Moral Re-Armament, MRA,* v. *Sweet,* 309 N. Y. 744.) It is conceded that the plans or specifications used in the construction of the main building many years ago are now unobtainable. In the circumstances, it was unreasonable to require their production and to refuse to determine the question of safety on the basis of expert testimony, especially in the light of the quasi-public use of the premises permitted in recent years. Therefore, the determination of the board of appeals was arbitrary and capricious. Furthermore, I believe that the ordinance is invalid because its requirement of the approval of the board of appeals compels an institution such as petitioner to seek as a matter of grace and special privilege what it should have as a matter of right. Such provisions may be proper when dealing with offensive uses of property, but a religious use furthers the health, safety, morals and general welfare of the community. (*Matter of Concordia Collegiate Inst.* v. *Miller,* 301 N. Y. 189.)